IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Patrick Delvon Harris, #257350, ) | |
| ) | C.A. No. 0:08-3964-HMH-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| McKither Bodison, Warden, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, Patrick Delvon Harris ("Harris"), a pro se state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 8, 2009, the Respondent filed a motion for summary judgment. (Docket Entry 38.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Harris of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Respondent's motion. (Docket Entry 40.) On July 16, 2009, Harris filed a response in opposition to the Respondent's motion. (Docket Entry 42.) Additionally, on August 13, 2009, Harris filed a document entitled "motion for summary judgment on the pleadings as to the respondent(s)." (Docket Entry 45.) Thereafter, Harris filed a motion for default judgment (Docket Entry 47), to which the Respondent filed a response. (Docket Entry 48.)

1

# DISCUSSION

## I. Default Judgment

Harris contends that because the Respondent failed to respond to his motion, he is entitled to a default judgment. Harris is in error. First, default judgments against respondents are generally not available in habeas actions. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); see also Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment."); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); Garland v. Warden, 4:08-1668-JFA-TER, 2008 WL 4834597, at *2 (D.S.C. Nov. 4, 2008) (unpublished). Second, the court observes that the Respondent has timely responded to Harris's habeas petition and filed his own motion for summary judgment. Accordingly, a separate response to what would, based on Harris's caption, constitute a cross-motion for summary judgment would have been superfluous. Finally, as the Respondent timely responded to Harris's petition, his alleged failure to respond to Harris's *motion* would not entitle Harris to judgment even if Rule 55 were applicable. See Rule 55(a), Fed. R. Civ. P. (permitting entry of default when a defendant has "failed to plead or otherwise defend"). Accordingly, Harris's motion for default (Docket Entry 47) is denied.

**II.     Motions for Summary Judgment**

The Respondent's return and memorandum in support of summary judgment addresses four grounds raised in Harris's petition. Harris correctly points out that the Respondent failed to address his fifth ground,[1] which is included in an attachment to his petition. In light of the Respondent's failure to address this issue, the court denies the Respondent's motion (Docket Entry 38) at this time with leave to refile it within thirty days of the date of this Order to address all of the grounds raised by Harris.

As to Harris's motion for summary judgment, a review of the motion reveals that it does not present a basis entitling him to judgment as a matter of law but merely restates the arguments presented in his petition and presents additional arguments that were not included in his initial response in opposition to the Respondent's motion for summary judgment. Accordingly, the court denies Harris's motion for summary judgment (Docket Entry 45).

---

[1] Harris's fifth ground alleges "unconstitutional jury instructions that impermissibly, constructively amended the Grand Jury indictment." (Docket Entry 45-1 at 5; see also Docket Entry 1 at 3.)

For the foregoing reasons, it is

**ORDERED** that Harris's motion for a default judgment, docket number 47, is denied. It is further

**ORDERED** that the Respondent's motion for summary judgment, docket number 38, is denied with leave to refile within thirty days of the date of this Order to address all of the grounds raised in the petition. It is further

**ORDERED** that Harris's motion for summary judgment, docket number 45, is denied.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

January 13, 2010
Columbia, South Carolina