IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Patrick Delvon Harris, #257350, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:08-3964-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| McKither Bodison, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patrick Delvon Harris ("Harris") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Gossett recommends granting Respondent's amended motion for summary judgment and dismissing Harris's § 2254 petition.

I. FACTUAL AND PROCEDURAL BACKGROUND

Harris is currently incarcerated at Lieber Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. Harris was indicted in June 1998 for armed robbery. (Resp't Mem. Supp. Summ. J. Attach. 6 (App. 27-28).) On February 26, 1999, the state filed a notice of its intention to seek a sentence of life without parole ("LWOP"). (Id. Attach. 6

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(App. 64).) This case was tried before a jury during the week of March 15, 1999, however that trial resulted in a mistrial due to the jury's inability to reach a verdict. (Resp't Am. Mem. Supp. Summ. J. 2.) Harris received a second jury trial beginning March 30, 1999. (Id.) On March 31, 1999, Harris was found guilty of armed robbery and sentenced to life imprisonment without parole. (Resp't Mem. Supp. Summ. J. Attach. 5 (App. 19).) Harris was represented by James L. Mann, II ("Mann") at both trials and sentencing. Harris filed a timely appeal. On appeal, Harris raised one issue: "The lower court erred in imposing the unconstitutional sentence of life without parole in [Harris's] case." (Id. Attach. 7 (Harris Br. at 4).) The South Carolina Supreme Court affirmed Harris's conviction and sentence on March 28, 2001. (Id. Attach. 9 (Mar. 28, 2001 Order).)

Harris filed a pro se application for post-conviction relief ("PCR") on July 5, 2001. (Id. Attach. 5 (App. 37-48).) Harris raised the following issues in his PCR application:

1. Trial counsel was ineffective in that he did not procure a transcript of Applicant's first trial before proceeding with the Applicant's second trial.

2. The Applicant's defense counsel was ineffective in that he did inadequate preparation prior to the Applicant's first and second trials in that he failed to meet with the Applicant for any significant period of time and failed to review the discovery material with the Applicant.

3. The Applicant's sentence of life in prison without parole was imposed in violation of § 17-25-45, S.C. Code of Laws, in that the Applicant was not served with the State's Notice of Intent to Seek a Life Sentence.

4. Applicant's trial counsel was ineffective for not objecting to the trial court's improper charge to the jury concerning the elements of armed robbery.

5. The Applicant's appellate counsel was ineffective in that appellate counsel only raised one issue during the Applicant's appeal and failed to raise the issue of the trial court's denial of the Applicant's motion to dismiss trial counsel.

2

(Id. Attach. 11 (Suppl. Am. PCR Application.).) An evidentiary hearing was held on May 26, 2005. (Resp't Mem. Supp. Summ. J. Attach. 6 (App. 25).) The PCR court granted Harris post-conviction relief by order dated December 28, 2005. (Id. Attach. 6 (App. 19-25).) The PCR court held that (1) trial counsel was constitutionally ineffective for failing to obtain the transcript of the first trial prior to the second trial, (2) trial counsel was constitutionally ineffective for inadequate preparation for both trials, and (3) Harris's LWOP sentence was void as it violated South Carolina Code § 17-25-45(H). (Id. Attach. 6 (App. 21-25).)

The State filed a petition for writ of certiorari with the South Carolina Supreme Court raising the following questions:

> I. Did the PCR Court err in finding that trial counsel was ineffective in failing to consult with Respondent prior to both trials?
>
> II. Did the PCR Court err in finding that trial counsel was ineffective in failing to order the transcript of Respondent's first trial which resulted in a mistrial to be used for impeachment during Respondent's second trial?
>
> III. Did the PCR Court err in granting relief where Respondent was unable to show prejudice due to overwhelming evidence supporting Respondent's guilt?
>
> IV. Did the PCR Court err in granting a new trial based on State's failure to properly notice Respondent of intent to seek Life Without Parole?

(Resp't Am. Mem. Supp. Summ. J. Attach. 1 (Pet. for Writ of Certiorari).) Harris moved to file a supplemental amendment to his return on February 15, 2007, raising the following question: "Did the trial court err in violating . . . Respondent's 6th and 14th Amendment rights, thereby denying him procedural Due Process, trial 'structural error' during the trial, by giving an erroneous jury instruction to the jury that constructively amended his Grand Jury Indictment?"

(Id. Attach. 3 (Suppl. Am. at 5).) The South Carolina Supreme Court granted Harris's motion to supplement his return. (Id. Attach. 4 (May 4, 2007 Order).)

On March 10, 2008, the South Carolina Supreme Court reversed the PCR court's order granting post-conviction relief and reinstated Harris's conviction and sentence. Harris v. State, 659 S.E.2d 140, 148 (S.C. 2008). Harris filed a state habeas petition with the South Carolina Supreme Court in April 2008 raising one issue: "Did the trial court err in violation of petitioner's U.S. Const. 6th, and 14th Amendment Rights to Procedural Due Process/Due Process, by giving an erroneous jury instruction that constructively amended his Grand Jury indictment?" (Resp't Mem. Supp. Summ. J. Attach. 12 (State Habeas Pet. 6).) The South Carolina Supreme Court denied Harris's petition on May 7, 2008. (Id. Attach. 13 (May 7, 2008 Order).)

Harris filed the instant § 2254 petition on December 4, 2008.[2] In his petition, Harris raises the following issues:

> **Ground One**: Failure to consult, communicate with, that created a conflict of interest, breakdown in adversial [sic] trial process.
>
> **Ground Two**: Failure to request, obtain or obscure and secure previous trial transcripts for impeachment purposes.
>
> **Ground Three**: Failure to render adequate, competent legal services by failing to order transcripts, research statute/laws, etc. because evidence was lack of overwhelming.
>
> **Ground Four**: State's failure to legally properly serve 10-day written (actual) notice. See § 17-25-45(H) (LWOP).
>
> **Ground Five**: Jury instructions that expanded elements and amended Grand Jury indictment.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

(Harris § 2254 Pet., generally.)  Respondent filed a motion for summary judgment on July 8, 2009.  Harris filed a memorandum in opposition on July 16, 2009.  Respondent filed an amended motion for summary judgment on February 12, 2010.  Harris filed a response in opposition to the amended motion for summary judgment on February 25, 2010.  Magistrate Judge Gossett recommends granting Respondent's amended motion for summary judgment.  Harris filed objections on May 25, 2010.[3]

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its

---

[3] Id.

5

response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Harris has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [Harris's] habeas petition, [the court] must conclude

that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Harris filed objections to the Report and Recommendation. Upon review, however, the court finds that many of Harris's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, Harris raises four specific objections. Harris objects that the magistrate judge erred in finding that (1) portions of Grounds One, Three, and Five were procedurally defaulted, (2) the South Carolina Supreme Court did not misapply clearly established federal law, (3) trial counsel was not constitutionally ineffective, and (4) the jury instructions did not violate Harris's due process rights. (Objections, generally.) The court will address Harris's objections based on each ground raised in his § 2254 petition.

### 1. Ground One

Harris raises an ineffective assistance of trial counsel claim as ground one in his § 2254 petition. Specifically, Harris alleges that Mann's failure to consult and communicate with him created a conflict of interest and breakdown in the adversarial trial process. (Harris § 2254 Pet.

7

6.) Magistrate Judge Gossett concluded that Harris's claim of ineffective assistance of counsel based on a conflict of interest was procedurally defaulted as it was not fairly presented in state court. (Report and Recommendation 8.)

Harris argues that this claim is not procedurally barred because he has consistently "expressed discontent and displeasure with trial counsel's lack of communication, preparation/trial strategy which created a hostile attorney-client relationship." (Objections 2.) This argument, however, is without merit. "In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal citation omitted). Harris did not raise an ineffective assistance of counsel claim based on a conflict of interest during the state court proceedings. As such, Harris raises this claim for the first time during federal habeas review. Harris has not provided the court with any evidence to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). As such, Harris's objection that his ineffective assistance of counsel claim for a conflict of interest is not procedurally defaulted is without merit.

With regard to the remainder of Harris's ineffective assistance of counsel claim for failure to consult and communicate during both trials, the South Carolina Supreme Court held that counsel was not constitutionally ineffective. Therefore, Harris must demonstrate that the South Carolina Supreme Court's holding "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Harris must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With regard to the second prong, Harris must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The South Carolina Supreme Court explained that "[a]t the PCR hearing, Harris testified he met with trial counsel two or three times prior to the first trial. He also admitted that trial counsel reviewed the discovery materials with him for approximately thirty minutes during his first visit." Harris, 659 S.E.2d at 144. Additionally, after Mann "received the discovery materials, [he] 'essentially treated [Harris's mandatory life case] like . . . the death penalty appointments [he] had in the past, which is that [he] just put everything else down." Id. at 145. The court also explained that

> [i]n terms of preparation for the second trial, counsel admitted that he did not meet with Harris between the two trials. However, he testified he met with the solicitor's office at least three times in an attempt to negotiate a plea agreement for Harris. Counsel also stated that he did not try another case in between the two trials and believed the facts of the case were fresh on his mind during the

second trial. He also noted there were no additions to the discovery materials
between the first and second trials.

Id. Accordingly, the South Carolina Supreme Court held that the PCR court erred in finding that trial counsel was ineffective based on an alleged failure to consult with Harris. Id. Moreover, the court noted that "Harris did not offer any evidence or argument as to how counsel's alleged lack of preparation prejudiced him." Id.

Upon review, the court finds that Harris has not demonstrated that the South Carolina Supreme Court's reasoning was contrary to or misapplied federal law. As such, Harris is not entitled to federal habeas relief based on his ineffective assistance of counsel for failure to consult and communicate claim.

### 2. Ground Two

Harris alleges ineffective assistance of counsel for failure to request, obtain, and secure a transcript of the first trial prior to his second trial. (Harris § 2254 Pet. 7.) The South Carolina Supreme Court rejected this claim. The South Carolina Supreme Court explained,

> [b]ecause it was incumbent upon Harris to provide the PCR judge with a copy of the transcript in order to show that he was prejudiced by its absence at the second trial, Harris did not meet his burden to prove that trial counsel was deficient and that the result of his trial would have been different but for this alleged deficiency. It was merely speculative that the transcript would have aided in his defense.

Harris, 659 S.E.2d at 146. Next, the court explained that

> [e]ven if Harris met his burden to show that counsel was deficient in failing to obtain the transcript, Harris did not prove this alleged deficiency prejudiced his defense. First, trial counsel testified at the PCR hearing that in preparing for the second trial he concentrated on the notes he had from every witness that testified at the first trial, the notes of his opening statement and closing argument, as well as his notes from his cross-examinations. Because he did not try another case in between Harris's two trials, counsel believed the events of the first trial were fresh in his mind during the second trial. Additionally, counsel explained he did

10

not order the first trial transcript because he did not believe having the transcript would be important in terms of cross-examining the State's witnesses.

Id.

Additionally, the court noted that there was overwhelming evidence that indicated Harris's guilt.

> The evidence presented at trial established that [sheriff deputies] arrived at the scene of the robbery within less than a minute of receiving the 911 dispatch. When they arrived, they observed Harris discard his mask and then flee the scene. The deputies were able to apprehend Harris within minutes at a nearby location. According to [the deputies], Harris immediately admitted his involvement in the robbery. After being transported to the Richland County Sheriff's Department, Harris again admitted his involvement and identified the names of his accomplices. He also informed the investigators that these individuals drove away from the scene in his car. Harris then gave the investigators the license plate number of the vehicle. Additionally, Stuart Young, one of Harris's accomplices, was arrested while driving Harris's car. Shortly thereafter, . . .Young [was selected] out of a photographic lineup as the man who was not wearing a mask during the robbery. In his written statement and trial testimony, Young implicated Harris in the armed robbery.

Id. at 147. Based on the evidence, the court concluded that counsel's failure to obtain a transcript from the first trial was "inconsequential" and "not critical in presenting Harris's defense." Id.

Harris argues that counsel's ineffectiveness prejudiced him by precluding him from being able to "show substantial undisputed proof of the severity and weight of the conflicting testimonies" from the first and second trial. (Objection 3.) As the South Carolina Supreme Court articulated, Harris failed to present the PCR court with the first trial transcript in order to demonstrate the alleged inconsistencies and establish prejudice. Harris cannot demonstrate that the South Carolina Supreme Court's reasoning and holding were unreasonable or misapplied federal law. Therefore, Harris's claim is without merit.

11

### 3. Ground Three

Harris's ground three claim for ineffective assistance of counsel alleges that counsel failed to render adequate and competent legal services by failing to order the transcript from the first trial. This claim is based on the same facts, arguments, and objections raised in Harris's ground two ineffective assistance of counsel claim. As such, for the aforementioned reasons, the court finds that Harris's ineffective assistance of counsel claim for failure to order the first trial's transcript is without merit.

Harris also raises additional ineffective assistance of counsel claims under ground three in his memorandum attached to his § 2254 petition. Harris alleges that trial counsel was constitutionally ineffective for (1) "failing to pre-investigate/interview each state's witness prior to trial," (2) "failure to request a lesser included defense charge," (3) "fail[ing] to challenge the critical insufficiency of evidence (lacking of proof of each element of the crime," and (4) "fail[ing] to file motions to suppress any/all hearsay testimony, in which these omissions by trial counsel prejudiced me to fully develop all issues objected to and/or preserve issues for future appellate review." (Mem. Supp. § 2254 Pet. 7-8.) None of these claims were fairly presented to the South Carolina appellate courts. As stated above, however, "[i]n order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph, 184 F.3d at 328 (internal citation omitted). As such, the claims are procedurally barred from federal habeas review.

Harris argues that the four new claims are not procedurally defaulted because they have been "fully developed . . . throughout the record." (Objections 3.) This objection is without merit. Harris did not raise any of the above claims during the state court proceedings. While the record establishes Harris's general discontent with his trial counsel, Harris must specifically allege each separate ineffective assistance of counsel claim in order to later raise it in a habeas petition. Further, Harris has not provided the court with any proof of cause or prejudice as it relates to the newly-raised ineffective assistance of counsel claims. As such, Harris's newly-raised ineffective assistance of counsel claims are not entitled to habeas review.

### 4. Ground Four

In his fourth ground for relief, Harris alleges that the state failed to comply with S.C. Code Ann. § 17-25-45(H) by providing him with written notice of the state's intention to seek a LWOP sentence. (Harris § 2254 Pet. 11.) Section 17-25-45(H) requires a solicitor to provide a defendant with written notice of the intention to seek a LWOP sentence "not less than ten days before trial."

The South Carolina Supreme Court held that the PCR court erred in holding that Harris's LWOP was void for violating section 17-25-45(H). The court held that Harris was given "at least ten days' actual notice of the potential LWOP sentence." Harris, 659 S.E.2d at 148. In his objections, Harris argues that this court's failure to "consider and review [this] cognizable claim would result in a fundamental miscarriage of justice." (Objections 5.) Harris's objection, however, is without merit. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As such, the court cannot review the South Carolina Supreme Court's ruling regarding the state's compliance with section 17-25-45(H).

Further, as Magistrate Judge Gossett acknowledged, to the extent that Harris contends that the state's failure to comply with section 17-25-45(H) violates his Fourteenth Amendment right to due process, this issue was not presented during state court proceedings and is procedurally barred from federal habeas review. (Report and Recommendation 16.) Harris has not provided the court with any evidence of cause or prejudice regarding a due process claim. Therefore, Harris's claim is not entitled to habeas review.

### 5. Ground Five

Harris's final claim for habeas relief alleges that the trial court's jury instructions erroneously "expanded elements" for armed robbery and "amended [the] Grand Jury indictment." (Harris § 2254 Pet. 4.) Harris contends that the trial court improperly added elements for criminal conspiracy in the jury instructions. (Objections 5.)

"Alleged errors in state court jury instructions . . . are matters of state law and [typically] do not provide a basis for federal habeas corpus relief." Temoney v. Sapp, No. 06-1983-CMC-BM, 2007 WL 752200, at *8 (D.S.C. Mar. 1, 2007) (unpublished). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). "The question in such a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the

instruction is undesirable, erroneous, or even universally condemned." Id. (internal citations and quotation marks omitted).

After instructing the jury as to the elements for armed robbery, the trial court explained:

> Now, I further charge you, ladies and gentlemen, that when two or more persons aid, encourage and abet each other in the commission of a crime, all who are present are principals and equally guilty. Where two or more persons combine together to commit a crime and the crime is committed, all those who are present to aid and abet and assist in the commission of that crime are guilty. The act of one becomes the act of all. Or as you've heard it said I'm sure, the hand of one becomes the hand of all. It makes no difference by whose immediate agency the crime is committed. All are principals.
> However, mere presence at the scene of the crime without an intent to aid, abet or assist in its commission would not constitute guilt.
> So the burden is upon the state to establish beyond a reasonable doubt that the Defendant was present and that he was there with a criminal intent; that is to say, with the intent to aid, to encourage, to abet another in the committing of the crime of armed robbery.

(Resp't Mem. Supp. Summ. J. Attach. 5 (App. 19-20).) As such, there was no instruction given regarding criminal conspiracy, rather the trial court instructed the jury on accomplice liability. Harris argues that this instruction expanded the indictment which only charged him with armed robbery. (Objections 5.) This argument is without merit.

> Under the 'hand of one is the hand of all theory [of accomplice liability], one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose. *A defendant may be convicted on a theory of accomplice liability pursuant to an indictment charging him only with the principal offense.*

State v. Thompson, 647 S.E.2d 702, 704-05 (S.C. Ct. App. 2007) (internal quotation marks and citations omitted) (emphasis added).

15

Harris has failed to establish that the jury instructions were erroneous and even if they were erroneous that they were so prejudicial that it affected the outcome of the entire trial. Therefore, Harris is not entitled to habeas relief on this ground.

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

It is therefore

**ORDERED** that Respondent's amended motion for summary judgment, docket number 51, is granted. It is further

**ORDERED** that Harris's § 2254 petition, docket number 1, is dismissed with prejudice without an evidentiary hearing. It is further

**ORDERED** that a certificate of appealability is denied because Harris has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                                         s/Henry M. Herlong, Jr.
                                                                         Senior United States District Judge

Greenville, South Carolina
June 15, 2010

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.